IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13CR293 |
| | § | |
| ANTHONY JEROME DAVIS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 14, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Tracey Batson.

On December 10, 2014, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell of the Eastern District of Texas to sixteen (16) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Possess Stolen Mail. The term of supervised release was subject to the standard conditions of release, plus special conditions including but not limited to, financial disclosure, financial restitution, gambling restrictions, drug treatment and testing, acquiring a General Education Development (GED) certificate, a $100 special assessment and restitution in the amount of $5,714.61. The case was reassigned to Judge Marcia Crone on October 9, 2015.

On January 30, 2015, Defendant completed his period of imprisonment and began service of his term of supervised release.

REPORT AND RECOMMENDATION – Page 1

On October 14, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 165 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (5) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the Defendant's efforts to obtain and maintain lawful employment; (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Officer, until such time as the Defendant is released from the program by the probation officer. The Defendant shall pay any cost associated with treatment and testing; and (7) Defendant must pay a special assessment in the amount of $100.00 and $5,714.61 in restitution. Any restitution amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision if needed, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If the Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the Defendant must, within 5 days of receipt, apply 100% of the value to such resources to any restitution or find still owed.

The Petition alleges that Defendant committed the following acts: (1) and (2) Defendant was arrested on September 1, 2015, by McKinney, Texas, Police Department, for Unlawful Possession of a Firearm, Third Degree Felony. He was taken into custody of the Collin County, Texas, Jail where a $3,500 bond was set; (3) Defendant failed to submit his written monthly reports within the first five days of the month for February, March, April and August 2015. He failed to report to the probation office as directed on June 29, and July 27, 2015; (4) The U.S. Probation officer spoke with the Defendant on July 24, 2015, and was advised that he no longer was living at his previously reported residence in Princeton, TX. He reported he was staying with friends. He did not provide an address and his residence was unknown; (5) On March 6, 2015, the Defendant failed to submit a Personal Financial Statement as directed. Defendant was instructed to submit copies of pays stubs at each office visit. He also failed to submit pay stubs on April 30, 2015, as instructed; (6) Defendant failed to submit to drug testing as directed on February 11, April 10, June 12, June 15, July 15, July 29, July 22, and July 29, 2015, as directed. He failed to attend drug treatment at Pillar Counseling, Plano, Texas, twice monthly as directed for the months of May and June 2015. Furthermore, the Defendant was unsuccessfully discharged from the program on June 29, 2015, for lack of participation; and (7) On February 2, 2015, Defendant was issued instructions to pay 10% of his gross monthly income or $25 per month, whichever the greater to begin March 20, 2015. The Defendant has made one $25 payment to date. He has a special assessment balance of $75, and restitution balance of $3,614.61.

Prior to the Government putting on its case, Defendant entered a plea of true to the allegations three (3) through seven (7) of the Petition, specifically that Defendant violated his conditions of supervised release by committing the offense of failing to report to the probation

office as scheduled, failing to submit monthly reports within the first five days of each month, failing to notify the probation officer at least ten days prior to change in residence, failing to provide requested financial information, failing to participate in drug treatment and testing as directed, failing to pay the special assessment balance of $75 and restitution balance of $3,614.61, and failing to make payments as directed to begin on February 2, 2015. The Government dismissed allegations one (1) and two (2) against the Defendant.

The Court finds that Defendant did violate his conditions of supervised release by committing the allegations listed herein. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of three (3) months, followed by a term of supervised release of thirty-three (33) months.

While on supervised release, the Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court. Additionally, The Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

1. Defendant is to pay restitution totaling $5,714.61 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision, if needed, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt. Restitution is payable by cashier's

check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, # 287, Tyler, Texas 75701. Interest is waived.

2. Defendant shall pay to the United States a special assessment of $100.00, which is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, 1910 ESE Loop 323, #287, Tyler, Texas 75701.

3. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment and payment of the financial obligation ordered by the Court.

4. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

5. Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

6. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

7. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

8. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; and

9. Defendant shall acquire a General Educational Development (GED) certificate.

In addition to the standard conditions and the special conditions reimposed herein, the following new conditions are also imposed:

1. Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

2. Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. The Defendant shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The Court recommends that Defendant be housed in the most readily available Bureau of Prisons facility.

**SIGNED this 14th day of June, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE