# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13CR293 |
| | § | |
| ANTHONY JEROME DAVIS (1) | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The Court has received the Report and Recommendation of the United States Magistrate Judge pursuant to its order. Defendant having waived allocution before the Court as well as his right to object to the report of the Magistrate Judge, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is therefore, **ORDERED** that the Report and Recommendation of United States Magistrate Judge is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**.

It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a to be imprisoned for a term of 3 months imprisonment. Upon release from imprisonment, the defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. The

Defendant shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines. .

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court. Additionally, The Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

1. Defendant is to pay restitution totaling $5,714.61 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, # 287, Tyler, Texas 75701. Interest is waived.

2. Defendant shall pay to the United States a special assessment of $100.00, which is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, 1910 ESE Loop 323, #287, Tyler, Texas 75701.

3. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment and payment of the financial obligation ordered by the Court.

4. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

5. Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full

6. Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

7. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

8. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

9. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

10. Defendant shall acquire a General Educational Development (GED) certificate; and

11. Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. The defendant shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The Court recommends that Defendant be housed in the most readily available

Bureau of Prisons facility.

**IT IS SO ORDERED.**

SIGNED at Beaumont, Texas, this 15th day of June, 2016.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE