IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13-CR-0293 |
| | § | |
| ANTHONY JEROME DAVIS, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 18, 2017 to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Camelia Lopez.

Anthony Jerome Davis was sentenced on December 10, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Anthony Jerome Davis was subsequently sentenced to 16 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; financial restrictions; gambling restriction; drug treatment and testing; acquire a General Education Development (GED) certificate; $100 special assessment and restitution in the amount of $5,714.61. On January 30, 2015, Anthony Jerome Davis completed his period of imprisonment

and began service of the supervision term. On October 9, 2015, the case was transferred to U.S. District Judge Marcia A. Crone. On June 15, 2016, Defendant's term of supervised release was revoked for noncompliance relating to him failing to submit a truthful and complete written monthly report; failing to notify the probation officer ten days prior to change in residence or employment; failing to provide the probation officer with access to any requested financial information; failing to participate in drug treatment and testing, and failing to pay the special assessment and restitution as scheduled. Defendant was subsequently sentenced to 3 months imprisonment followed by an additional 33-month term of supervised release.

On May 18, 2017, the U.S. Probation Officer executed a First Amended for Warrant or Summons for Offender Under Supervision [Dkt. 655, Sealed]. The First Amended asserted that Defendant violated nine (9) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not leave the judicial district without permission of the Court or probation officer; (5) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (7) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (8) Defendant shall pay to the United States a special assessment of $100.00; and (9) Under the guidance and direction of the U.S. Probation office, Defendant shall participate in any combination of

psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The First Amended alleges that Defendant committed the following acts: (1) On May 5, 2017, Defendant was arrested by Mesquite, Texas, Police Department for Forgery Financial Instrument, a State Jail felony. He is currently in custody at the Dallas County, Texas, Jail; (2) and (3) On July 7, 2016, Defendant submitted a urine specimen at Volunteers of American Reentry Facility, Hutchins, Texas, which tested positive for methamphetamine. On July 22, 2016, Defendant admitted verbally and in writing to this officer that he used said substances; (4) On March 26, 2017, Defendant was in a vehicle stopped by Texas Department of Public Safety in Abilene, Texas, which is located outside the Eastern District of Texas. Defendant did not have permission from the Court or the Probation office to leave the judicial district; (5) Defendant failed to report to the U.S. Probation Office as instructed on February 12, March 9, and March 29, 2017. He failed to submit written reports for the months of January, February and March 2017; (6) On March 21, 2017, an attempted home visit at Defendant's last reported residence resulted in a contact with Defendant's aunt, Charlotte Davis. Ms. Davis advised this officer that she has not seen Defendant in three days and believed he was staying in Plano, Texas. Defendant failed to notify the probation office of change in residence. On February 13, 2017, this officer contacted Defendant's reported employer, Home Depot, and was advised Defendant had not worked there since the beginning of January 2017. Defendant failed to report to work and was terminated; (7) Defendant was in a vehicle that was stopped by Texas Department of Public Safety on March 26, 2017. He was questioned by Trooper Doyle during the stop. Defendant failed to notify the probation office within seventy-two hours of being question by law enforcement; (8) Defendant has failed to pay the $100 special assessment. He currently owes $75; and (9) Defendant was

instructed to attend twice-monthly mental health treatment sessions at Fletcher Counseling, Plano, Texas. He failed to attend treatment in the months of January, February and March 2017. He was unsuccessfully discharged from treatment on March 30, 2017, for failing to attend.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2) and three (3) of the First Amended. Having considered the First Amended and the plea of true to allegations two (2) and three (3), the Court finds that Defendant did violate his conditions of supervised release. The Government dismissed the remaining allegations. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months to run consecutive to any other term of imprisonment that may be imposed, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

**SIGNED this 18th day of July, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 4